Ms. Stacey Witherell Employee Services Manager Human Resources Department 500 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the city of Little Rock has received a request for a workers' compensation file related to a particular city employee. As custodian of the records, you have determined the only records in the file that can be released are: "documents which detail the amount paid to the vendor or the employee (with social security number and type of injury redacted), miscellaneous correspondence which does not list [the employee's] condition or treatment, the original workers' compensation claim and accident report." You have provided the file in question for my review.
I am directed by law to issue my opinion as to whether your determination, as custodian of the records, regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
RESPONSE
It is my opinion that your determination is generally correct. Most of the records in the file appear to reference the employee's medical condition or treatment. However, some of the records are miscellaneous correspondence and other records that do not reference the condition or treatment. These records can be released with exempt items of information (such as social security numbers) redacted. Accord, Ops. Att'y Gen. Nos.95-262; 91-374 (medical information contained in workers' compensation records not disclosable). I note that beginning July 16, 2003, the home addresses of city employees will be exempt from disclosure under the FOIA. See Acts 2003, No. 213.
I must note one other matter. I notice that in your letter notifying the employee of the FOIA request, you indicated that under various exemptions to the FOIA, certain information and records are not "discoverable." Please be aware that the exemptions from the disclosure requirements of the FOIA do not constitute exemptions from compliance with discovery rules in the context of formal litigation, nor do they constitute exemptions from compliance with a duly authorized subpoena. See Op. Att'y Gen. No. 2003-002 (subpoena of medical records permissible unless specifically prohibited by law).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General